UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT L. WILLIS, ET AL

CIVIL ACTION

VERSUS

NO. 11-100-BAJ-SCR

THE UNITED STATES OF AMERICA, ET AL

## RULING

This matter is before the Court on a motion by defendant, United States of America to dismiss the complaint for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (doc. 19). Plaintiffs, Albert L. Willis and Pauline Willis, have filed an opposition to the motion (doc. 24) and the United States has filed a reply to the opposition (doc. 31). Jurisdiction is alleged under 28 U.S.C. § 1331.

A federal district court is a court of limited jurisdiction and can only exercise that jurisdiction which is statutorily conferred upon it by Congress. *Margin v. Sea-Land Services, Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to

dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A court, however, will not strain to find inferences favorable to the plaintiff and will not accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

The plaintiffs allege racial and gender discrimination related to the termination of Albert Willis' employment with the Department of Homeland Security, Federal Emergency Management Agency, and they seek monetary damages from the United States, the Department of Homeland Security, the Federal Emergency Management Agency, and employees of the Department of Homeland Security.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, L.Ed.2d 308 (1994) (citing, *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)). "Sovereign Immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citing, *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941).

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Federal Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 492 (1976). "As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies." *Randel v. U.S. Dept. Of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (citing, *Brown v. General Servs. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1965, 48 L.Ed.2d 402 (1976).

Plaintiffs note that administrative review is ongoing and thus concede that the they have not exhausted administrative remedies with regard to their Title VII claims (doc. 24, p. 2). Accordingly, the Court finds that plaintiffs have failed to establish that this Court has subject matter jurisdiction over their claims of discrimination in federal employment.

Plaintiffs also argue that they assert federal tort claims outside of Title VII against the government and individual federal employees. A review of the complaint, however, demonstrates that the factual allegations set forth in the complaint bear only on claims of discrimination arising from his federal employment. Therefore, Title VII "provides the exclusive judicial remedy," and all of the claims asserted in the complaint are subject to the unfulfilled jurisdictional requirement of exhaustion of administrative remedies set forth in Title VII.

Moreover, the Court notes that even if it were to conclude that plaintiffs asserted tort claims outside of Title VII against the government and federal

employees for actions that were taken during the course of their federal employment,

jurisdiction would still be lacking in this instance.  Where a plaintiff sues a federal

agency or employee for actions taken in the course of federal employment:

> It is beyond dispute that the United States, and not the responsible agency, or employee, is the proper party defendant in a Federal Tort Claims Act suit.  In a section entitled "United States as defendant," the FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims *against the United States* for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b) (1982) (emphasis added).  The Act goes on to state that any other statute authorizing a federal agency to sue or be sued in its own name does not authorize an action against the agency which is cognizable under the tort claims provision.  Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees.  28 U.S.C. § 2679(a) (1982).

*Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

Thus, plaintiffs' tort claims would still be subject to the Federal Tort Claims

Act, which provides, in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six

months after it is filed shall, at the option of the claimant
any time thereafter, be deemed a final denial of the claim
for purposes of this section.

28 U.S.C.A. § 2675(a).

Accordingly, the Court notes that, pursuant to the Federal Tort Claims Act, this Court has jurisdiction over such tort claims only if a plaintiff has met the prerequisites to suit set forth in 28 U.S.C.A § 2675(a). Plaintiffs, in opposition to the motion to dismiss, note that administrative claims are presented using a Standard Form 95, which provides in pertinent part:

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES . . . .

(Doc. 24, p. 10) (emphasis in original).

Essentially, and without citing any case law to support the proposition, plaintiffs assert that the filing of a complaint suffices to initiate an administrative process which must be exhausted before the court has jurisdiction to address the complaint. Adoption of such an argument would render meaningless the statutory requirement that a plaintiff exhaust administrative remedies before filing suit.

Plaintiffs further argue:

As Congress has scattered the remedies needed to Make Mr. Willis and Ms. Willis whole so that there are numerous forums which must be resorted to, and numerous laws

5

which must be researched, argued and relied upon to
achieve that singular end, they should not be punished
and worn down by their own government and the forums
they must file their grievances [sic]."

(Doc. 34, p. 4).

Though jurisdictional requirements impose burdens on parties, a court has
only that jurisdiction which Congress has statutorily conferred upon it. This Court
has no authority to make exceptions. Instead, "[t]he district court must dismiss the
action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D.,
P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

In the present case, the Court concludes that plaintiffs have failed to establish
that this Court has subject matter jurisdiction.

## CONCLUSION

Accordingly, the motion to dismiss for lack of subject matter jurisdiction (doc.
19) is **GRANTED**, and this matter will be dismissed without prejudice.

Baton Rouge, Louisiana, July 29, 2011.


BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA